IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILDRED RICCHIUTI, | : | CIVIL ACTION |
|        Plaintiff | : | |
| | : | |
| | : | |
|    v. | : | |
| | : | |
| | : | |
| THE HOME DEPOT INC. & | : | |
| HOME DEPOT U.S.A., INC., | : | |
|        Defendants | : | NO. 05-2200 |

**MEMORANDUM AND ORDER**

Gene E.K. Pratter, J.                                                                                                         July 11, 2005

     Mildred Ricchiuti filed a complaint in state court alleging that she tripped and fell in a "pothole" in the Home Depot parking lot at 1651 South Columbus Boulevard, Philadelphia. Based on the parties' diversity of citizenship, Defendants The Home Depot Inc. & Home Depot U.S.A., Inc. (collectively "Home Depot") removed the litigation to federal court. Ms. Ricchiuti asserts three claims: Count One presents a negligence cause of action; Count Two is stated as a claim for nuisance; and Count Three is characterized as being for res ipsa loquitor. Home Depot asserts in its Rule 12(b)(6) Motion to Dismiss that Counts Two and Three should be dismissed for failing to state claims for which relief can be granted.

     For the reasons discussed below, the Court will grant the Motion to Dismiss as to both Counts Two and Three of the Complaint. Because, at oral argument, Plaintiff's counsel acknowledged that Count Three does not state an independent claim, but merely a legal theory that sometimes may be used to support a negligence claim, Count Three is dismissed without discussion here. (Tr. of Oral Argument of June 30, 2005, at pg. 3, ll.17-19).

## II. STATEMENT OF FACTS

On April 29, 2003, the Home Depot store at the Columbus Boulevard location, which is owned and operated by Home Depot, conducted a tent sale in the parking lot area. Ms. Ricchiuti came to the sale and, while walking in the parking lot area, tripped and fell allegedly because of a pothole there. (Pl.'s Compl., at ¶ 12). Plaintiff alleged that Home Depot had actual and/or constructive knowledge of the existence of the pothole, which Ms. Ricchiuti characterizes as a defect in the parking lot. (Pl.'s Compl., at ¶ 11).

As a result of her fall, Ms. Ricchiuti alleges that she suffered severe and painful injuries to her fifth meta base left that required two surgeries, (Pl.'s Compl., at ¶ 13), and to her left foot that required a screw be inserted and a bone graft and a second surgery, (Pl.'s Compl., at ¶¶ 14-15). Ms. Ricchiuti also alleges other physical injury consequences. (Pl.'s Compl., at ¶ 17).

In Count One, Ms. Ricchiuti claims Home Depot was negligent. In Count Two, Ms. Ricchiuti claims Home Depot created and "permitted maintenance of a nuisance, a nuisance per se, a private nuisance, a public nuisance, and/or a united nuisance."

## III. LEGAL STANDARD

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d

Cir. 1988).

## IV.  DISCUSSION

Home Depot's argument for dismissal of Count Two is simply that Pennsylvania does not recognize a private cause of action for public nuisance, the facts alleged do not support a private nuisance claim, and the other nuisances asserted are not recognized claims under Pennsylvania law.  Ms. Ricchiuti asserts in response that the Court should find that Pennsylvania would recognize a private cause of action for a public nuisance, so Count Two should survive.[1]

The Restatement (Second) of Torts § 821(B), which describes a public nuisance, has been adopted by Pennsylvania.  <u>Machipongo Land & Coal Co. v. Dep't of Envtl. Protection</u>, 799 A.2d 751, 773 (Pa. 2002), <u>cert</u>. <u>denied</u>, 537 U.S. 1002 (2002).  A public nuisance is defined in the Restatement as:

> (1) ... an unreasonable interference with a right common to the general public.
> (2) Circumstances that may sustain a holding that an interference with a public right is unreasonable include the following:
> (a) Whether the conduct involves a significant interference with the public health, the public safety, the public peace, the public comfort or the public convenience, or
> (b) whether the conduct is proscribed by a statute, ordinance or administrative regulation, or
> (c) whether the conduct is of a continuing nature or has produced a permanent or long-lasting effect, and, as the actor knows or has reason to know, has a significant effect upon the public right.

Whether there is a "right common to the general public" is a question of law, but whether

---

[1] Ms. Ricchiuti does not dispute Home Depot's assertion that Pennsylvania does not recognize a "nuisance per se" or a "united nuisance" claim.  Ms. Ricchiuti also does not dispute Home Depot's argument that the averments in the Complaint, even drawing all inferences in a light most favorable to Ms. Ricchiuti, do not describe a set of facts that would satisfy the elements of a private nuisance claim.  Therefore, the Court finds that the Motion to Dismiss as to the alleged private nuisance, nuisance per se, and united nuisance claims is unopposed and those potential claims cannot proceed.

an "unreasonable interference" occurred is a question of fact. Reynolds v. Rick's Mushroom Serv., Inc., 246 F. Supp. 2d 449, 460 (E.D. Pa. 2003). When determining if a "right common to general public" is affected, a court must find that "a nuisance exists *and* affects the community at large and not merely the complaining parties." Karpik v. Russo, 676 A.2d 270, 274-75 (Pa. Super. Ct. 1996) (emphasis in original). Additionally, "[t]o succeed on a claim for public nuisance... the plaintiff must have suffered a special or peculiar harm, different from the harm suffered by the general public." Duquesne Light Co. v. Pennsylvania American Water Co., 850 A.2d 701, 704 (Pa. Super. Ct. 2004).

Pennsylvania has "never recognized a private cause of action for public nuisance," Duquesne Light Co. v. Pennsylvania American Water Co., 850 A.2d 701, 704 (Pa. Super. Ct. 2004). However, Plainitff argues that in Rohm and Haas Co. v. Continental Casualty Co., 781 A.2d 1172 (Pa. 2001), the Pennsylvania Supreme Court signaled a willingness to recognize such a cause of action by stating that public nuisances were "a long recognized source of common law liability." Rohm and Haas, 781 A.2d at 1178 n.5. As Plaintiff further argues, the Superior Court in Duquesne Light suggested that the quoted language from Rohm and Haas "*may* indicate [the Pennsylvania] [S]upreme [C]ourt's willingness to adopt a private cause of action for public nuisance." Duquesne Light, 850 A.2d at 705 (emphasis added). Plaintiff acknowledges that the superior court in Duquesne Light does not hold that a private cause of action exists, and posits, that if one were to exist, "Pennsylvania's strong, oft-stated public policy of barring recovery for economic losses sustained as a result of another's tortious conduct" would result in the Pennsylvania Supreme Court most likely excluding economic losses from those damages

recoverable for such a claim.  See Duquesne Light, 850 A.2d at 705-707.[2]

The parties here concentrate their opposing arguments on describing their views as to the implications of the Rohm and Haas and Duquesne Light opinions.  Home Depot contends that Pennsylvania has not recognized a private cause of action for public nuisance and, even if the Court were to recognize such a claim, the only damages alleged here are economic losses (as opposed to injunctive relief), which would be specifically excluded by the Duquesne Light analysis.  As discussed below, the Court is prepared to accept Home Depot's first contention, but must reject its alternative positions.  Home Depot erroneously invokes the economic loss doctrine, which prohibits purely economic damages, i.e. monetary losses resulting from delays caused by the tort, but would not foreclose damages related to physical injury or destruction of personal property.  East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 874 (1986).  In this case, Ms. Ricchiuti is clearly seeking damages related to her physical injury, so the economic loss doctrine would not bar Ms. Ricchiuti's recovery of the damages she seeks.

For her part, Ms. Ricchiuti contends (1) that Duquesne Light signaled that Pennsylvania would recognize a private cause of action for public nuisance and (2) that her claims are non-"economic" losses, namely personal injuries and medical expenses.  Ms. Ricchuitti further argues that she suffered a particularized harm different from that suffered by the general public, as

---

[2] In Duquesne Light, the Pennsylvania Superior Court rejected the reasoning of In re One Meridian Plaza Fire Litigation, 820 F. Supp. 1460 (E.D. Pa. 1993), in which the district court found that economic losses are recoverable under a public nuisance claim.  The superior court argued that the long-standing Pennsylvania public policy to bar economic damages for tortious conduct contradicts the reasoning of the district court that the requirement for a unique or peculiar harm "'serve[s] the same purpose as the economic loss doctrine: to limit liability arising from an event.'"  Duquesne Light, 850 A.2d at 706 (quoting Meridian Plaza, 820 F. Supp. at 1481)).

5

required by the Duquesne Light analysis, because she suffered permanent physical injuries, while a pothole would normally cause property damage, namely, damage to vehicles traversing the pothole.

The Court does not read the Duquesne Light opinion as expansively as does Ms. Ricchiuti and declines to interpret that case as projecting that the Pennsylvania Supreme Court would, if given the opportunity, recognize a private cause of action for a public nuisance. At most, Duquesne Light recognized that the law in Pennsylvania on this subject is unsettled. Moreover, whether or not Pennsylvania recognizes, or would recognize, a private cause of action for public nuisance, Ms. Ricchiuti's Complaint does not allege facts that support a public nuisance claim.

First, research has not uncovered any precedent where a pothole in a parking lot used by the public has been deemed a "public nuisance." A public nuisance is one that "affects the community at large and not merely the complaining parties." Karpik, 676 A.2d at 275. A pothole in a parking lot affects a very small segment of the community, namely the users of the parking lot. The traditional public nuisance is pollution of the air or a river, an obstruction of a highway, etc. These nuisances affect the community as a whole by potentially affecting every individual's health or enjoyment of public property. In the present case, the pothole on a private parking lot open to the public could potentially only affect a defined portion of the community, specifically, only those members of the community who make use of that small and particular portion of that particular parking lot. The Court finds that a pothole that does not affect the "community at large" by interfering with a public way or create a significant hazard to the public does not rise to the level of a public nuisance.

Additionally, to satisfy the contours of a public nuisance claim, Ms. Ricchiuti would need

6

to show she "suffered a special or peculiar harm, different from the harm suffered by the general public." Duquesne Light, 850 A.2d at 704. Even if the pothole were found to be a public nuisance, this alleged tripping injury is not sufficiently peculiar or unique from the injuries "suffered by the general public." Ms. Ricchiuti's argument that a pothole would generally be a harm to property, i.e., cars, is certainly accurate, but it is not a "special or peculiar harm" for a person also to risk physical harm from a pothole, especially a pothole found in a shopping center parking lot where foot traffic is as prevalent as motor traffic. Thus, the Court finds that even if the pothole could be considered a public nuisance and even if Pennsylvania recognized a private cause of action for public nuisance, Ms. Ricchiuti would be barred from recovering under such a theory for the injury alleged, because she did not suffer a "special or peculiar harm."

## V.  CONCLUSION

For the foregoing reasons, the Court grants the Defendant's Motion to Dismiss Counts Two and Three of the Complaint. An appropriate Order consistent with this Memorandum follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILDRED RICCHIUTI, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE HOME DEPOT INC. & | : | |
| HOME DEPOT U.S.A., INC., | : | |
| Defendants | : | NO. 05-2200 |

**O R D E R**

Gene E.K. Pratter, J.                                                                                                   July 11, 2005

AND NOW, this 11th day of July, 2005, upon consideration of Defendants' Motion to Dismiss Counts Two and Three of Plaintiff Mildred Ricchiuti's Complaint (Docket No. 3), the responses thereto, and the presentation of counsel at Oral Argument on June 30, 2005, it is hereby ORDERED that Defendants' Motion is GRANTED and Counts Two and Three of Plaintiff Mildred Ricchiuti's Complaint are DISMISSED.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE